UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Michael Miles,                                         Case No. 16-cv-2161

        Plaintiff

    v.                                                    MEMORANDUM OPINION

Dom and Nate, Ltd.,

        Defendant

## I. INTRODUCTION

Defendant Dom and Nate, Ltd. moved to dismiss Plaintiff Michael Miles's complaint on grounds of subject matter jurisdiction under Rule 12(b)(1). (Doc. No. 7). In response, Plaintiff filed a motion to conduct limited discovery and establish a briefing schedule on Defendant's motion to dismiss. (Doc. No. 9). Defendant opposed Plaintiff's motion (Doc. No. 11), to which Plaintiff responded. (Doc. No. 15). For the reasons stated below, Plaintiff's motion is granted.

## II. BACKGROUND

Plaintiff filed suit against Defendant alleging Defendant's property, Jolly Rogers Seafood House, was non-compliant with the ADA and Ohio disability discrimination law. (Doc. No. 1). The complaint specifically alleges fourteen violations and states that it is not an exclusive list. *Id.* at 5-7. Defendant claims that all ADA violations have been remedied and Plaintiff's claims are moot. (Doc. No. 7). In support, Defendant attached several exhibits including an affidavit from the independent firm Defendant hired to assess the facility's ADA compliance, a letter listing the ADA violations discovered by the firm, and the firm's proposed alteration plan. (Doc. Nos. 7-2, 7-3, 7-6). Affidavits from the construction companies who performed the remediation work were also attached. (Doc. Nos. 7-4, 7-5).

Plaintiff now moves the court for limited discovery to "verify that the remedies were both completed as indicated and done so in compliance with the ADA." (Doc. No. 9 at 2). In opposition, Defendant argues this court lacks subject matter jurisdiction because of the alleged mootness of the claim. (Doc. No. 11).

## III. DISCUSSION

Defendant challenges the factual existence of the court's subject matter jurisdiction over this claim. When deciding a Rule 12(b)(1) motion based on a factual attack, the district court:

> is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "[A] trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Wright & Miller's Federal Practice and Procedure states:

> Although a formal hearing on the matter is not required, the district court should not dismiss the complaint on a Rule 12(b)(1) motion without giving the nonmoving party the opportunity to be heard, except in the relatively unusual case … in which the jurisdiction defect appearing on the face of the complaint clearly is irremediable.

5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1350 (West 3d ed.). *See, e.g.*, *Commodities Exp. Co. v. U.S. Custom Serv.*, 888 F.2d 431, 436 (6th Cir. 1989); *Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[T]he party asserting jurisdiction must be given an opportunity to be heard before dismissal is ordered."); *Local 336, Am. Fed'n of Musicians, AFL-CIO v. Bonatz*, 475 F.2d 433, 437 (3d Cir. 1973) ("[T]he record must clearly establish that after jurisdiction was challenged the plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing, in support of his jurisdictional contention.").

Before making an informed decision on the issue of subject matter jurisdiction, the court must give both parties the opportunity to gather and present evidence, especially Plaintiff who has the burden of proof. Denying Plaintiff the ability to conduct limited discovery would effectively deprive him of the right to meaningfully oppose Defendant's Rule 12(b)(1) motion. Because lack of subject matter jurisdiction is still at issue, it may not serve as grounds to deny Plaintiff's motion for discovery on that issue.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to conduct limited discovery and establish a briefing schedule is granted. (Doc. No. 9). The parties are to confer and submit a discovery plan and briefing schedule within fourteen (14) days of this order.

So Ordered.

        s/ Jeffrey J. Helmick
        United States District Judge